**In re MID–STATE PLATING COMPANY, Debtor.**

**MID–STATE PLATING COMPANY, Appellant,**

v.

**The PEOPLES BANK AND TRUST COMPANY, etc., Appellee.**

Civ. A. No. 3:87–0751.
Bankruptcy No. 381–03331.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 31, 1988.

* Whatever the reason for such failure is irrelevant in this situation.

See also 86 B.R. 540.

Angus Gillis, III, Nashville, Tenn., for appellant.

Russell H. Hippe, Jr., Nashville, Tenn., for appellee.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge.

The debtor Mid–State Plating Company (Mid–State) appealed from the denial herein by the Bankruptcy Court of this District of its motion for a new trial. Such Court had adjudicated that Mid–State had no right of setoff against the claim of the appellee The Peoples Bank and Trust Company (Peoples), under Mid–State's secured promissory note to First American Bank (American), which had been assigned to Metro Centre Development Corporation (Centre), and pledged by Centre to Peoples as collateral for a loan made by Peoples to Centre.

Mid–State executed its promissory note to American on November 25, 1975, and secured its repayment with an encumbrance on the real estate upon which the business of Mid–State was located. Mid–State filed a petition in bankruptcy on October 19, 1981 under the Bankruptcy Code, chapter 11. Soon after American had been granted relief from the automatic stay of proceedings the debtor Mid–State had received, enabling American then to foreclose on the aforedescribed encumbrance, Centre purchased such promissory note of Mid–State from American.

Subsequently, Mid–State and Centre agreed that Mid–State would sell 4.9 acres of such encumbered real estate to Centre, and in exchange therefor, Centre would surrender to it Mid–State's note, payable to American, and that Centre would make and deliver to Mid–State its (unsecured) note in the principal sum of $82,000. That agreement was incorporated into Mid–State's proposed plan of reorganization which was accepted by the creditors of the debtor Mid–State.

A hearing on the confirmation of such plan of reorganization was conducted by the Bankruptcy Court on June 30, 1983. Before entry on July 20, 1983 by this District Court of an order, confirming such plan, Centre borrowed money from Peoples and pledged the aforedescribed note, payable to American, to Peoples as collateral for the repayment of the more recent loan to Centre by Peoples; but it was several months after July 20, 1983, *supra*, before the debtor Mid–State became informed that Centre had pledged as collateral to Peoples the aforedescribed note payable to American.

The purchase by Centre of the foregoing acreage from Mid–State was never consummated, and such real estate was sold ultimately by Mid–State for cash to a third-party. Centre defaulted on the repayment of its note payable to Peoples, and Peoples claims a security interest in such note payable to American, and in the real estate of the debtor Mid–State pledged by Mid–State

to American as collateral for its repayment.*

Mid–State insisted that its aforementioned agreement with Centre was breached by Centre when Centre pledged Mid–State's note payable to American to Peoples as collateral for the later loan by Peoples to Centre. It (Mid–State) asserted that it has a right to set-off the damages it (Mid–State) sustained as a proximate result of such breach by Centre against the claim of Peoples for the indebtedness of Centre to Peoples under the later note.

Our Bankruptcy Court found and concluded, as follows, on that insistence of the debtor Mid–State:

> At the time that the First American Note was pledged with the Bank as security for a loan it made to Metro Centre, the Debtor had no claim against Metro Centre which it might have setoff against its obligation to pay the remaining balance of that note. Indeed, the Debtor acknowledged in its plan and disclosure statement that it was liable to Metro Centre on the first American Note and thus proposed to sell to Metro Centre certain real property securing payment of the note in exchange for it. * * * The note was merely the subject of the pending contract between Metro Centre and the Debtor embodied in a plan of reorganization for which a confirmation order had not yet been entered. The pledge of the note to secure the short-term loan from the Bank was not inconsistent with the obligations of Metro Centre to the Debtor pursuant to the plan and did not itself result in a breach of the contract between Metro Centre and the Debtor. Upon repayment of its loan, the Bank was obligated to release the First American Note back to Metro Centre which in turn would then have delivered it to the Debtor.
>
> The Debtor's plan was silent as to when the transaction between the Debtor and Metro Centre was to have been closed. For reasons which do not appear

in the record, the Debtor apparently did not bring suit to compel specific performance of the contract. Instead, the Debtor chose to sell the real property in question to a third party in a cash transaction.

That finding and conclusion are supported by the record herein. There is no merit to the contention of the debtor Mid–State, that a breach of its contract with Centre occurred when Centre pledged Mid–State's note, payable to American, to Peoples, *supra;* until the plan of reorganization of the debtor Mid–State was confirmed in fact by this District Court, Centre was not obliged to perform its contract with Mid–State.

Furthermore, no time was specified in such plan for performance of the contract between Mid–State and Centre, and such plan included no provision that Centre was prohibited from pledging Mid–State's note payable to American as collateral for any loan Centre might transact. As it is clear that any possible breach of contract by Mid–State or Centre could have occurred only after confirmation by this District Court of the aforesaid plan of reorganization, and as Mid–State had no claim against Centre for damages at the time its note, payable to American, was pledged as collateral to Peoples, no right of setoff against the claim of Peoples "attached itself to the note before its transfer." *Gatewood v. Denton,* 40 Tenn. 288, 290 (3 Head 380, 382 (1859)); *accord: Hight v. McCulloch,* 150 Tenn. 117, 263 S.W. 794, 797–798 [6] (1924).

The order of August 3, 1987 of the Bankruptcy Court of this District herein hereby is

AFFIRMED.

---

* The debtor Mid–State admits its liability to Peoples as the assignee of such note from American through Centre.